IN THE SUPERIOR COURT OF GUAM

DAVID J. LUJAN,

               Plaintiff,

vs.

DEBBIE QUINATA and CORY QUINATA,

               Defendants.

DEBTRALYNNE S. QUINATTA, et. al.,

               Counterclaim Plaintiff,

vs.

DAVID J. LUJAN,

               Counterclaim Defendant.

CIVIL CASE NO. 1472-07

**DECISION AND ORDER**
Counterclaim Defendant's Motion
For Directed Verdict

This matter came before the Court on August 10, 2012 on Counterclaim Defendant's motion for directed verdict after conclusion of Counterclaim Plaintiff's case in chief before the jury. Counterclaim Defendant (hereinafter "Lujan") was represented by Attorney Mitchell F. Thompson, and Attorney Leilani V. Lujan. Counterclaim Plaintiffs (hereinafter the "Quinatas") were represented by Attorney Curtis C. Van De Veld.

PROCEDURAL FACTS

Jury trial began on July 12, 2012. The Court on January 24, 2011, narrowed the remaining claims of the parties for trial to the following: Quinatas' claims for nuisance and willful trespass; Lujan's claim for encroachment. At the end of the Quinatas' case in chief, Lujan moved for directed verdict on all claims prosecuted by the Quinatas. Lujan also moved for partial summary judgment on his claim for encroachment.[1] The Court will only entertain Lujan's directed verdict motion.

DISCUSSION

---

[1] The Court will defer a decision as to Lujan's claim for encroachment and damages until such time that Lujan begins his direct case in chief on this claim, providing the Quinatas an opportunity to properly present a full defense.

Page 1 of 5

Lujan argues the Quinatas have failed to sustain their burden of proof with respect to both nuisance and trespass, and as a matter of law he is entitled to judgment in his favor. GRCP Rule 50(a) permits the Court to grant a motion for judgment as a matter law against a party with respect to a claim that cannot be maintained without a favorable finding on that issue. A judgment as a matter of law is proper if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion. Judgment under GRCP 50(a) is similar to the standard for granting summary judgment; no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. *Guam Top Builders, Inc. v. EJong Constr. Co. Ltd.* 2006 Guam 3. "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of a suit." *Guam Top Builders* 2006 Guam 3, ¶ 9 (quoting *Bank of Guam v. Flores* 2004 Guam 25 ¶ 8).

### 1.    WILFUL TRESPASS

A party claiming trespass must prove the following: a) the tortfeasor intentionally; b) entered land in possession of another, or caused a thing or a third person to do so; c) remains on the land; or d) fails to remove from the land a thing which he is under a duty to remove. *Guerrero v. DLB Constr. Co.,* 1999 Guam 9 7 16 (citing Restatement 2d Torts §158 (1988)). Regarding the defense of privilege, Restatement (Second) of Torts §158 provides: "Conduct which would otherwise constitute a trespass is not a trespass if it is privileged. Such a privilege may be derived from the consent of the possessor . . . ." Restatement 2d Torts §158 (1988). Whether consent was given is a material issue of fact. *Guam Sanko Transp., Inc. v. Pacific Modair Corp.* 2012 Guam 2. Lujan argues that proof of consent was proved in two ways: 1) right of way established by two (2) existing easements; 2) approval of the Administrator of the Estate of Rosita Aguigui Leon Guerrero (hereinafter the "Estate") to go onto property of the Estate.

The Court has heretofore opined that the Quinatas have an irrevocable license to live on, and be in possession of, property of the Estate designated as Lot 154-RNEW-R4 (hereinafter "R4"). *Decision and Order* dated January 24, 2011. The Quinatas' were not granted any interest whatsoever to the adjoining property owned by Lujan, Lot 154-RNEW-4 (hereinafter "Lot-4"). The Court further entered judgment of permanent injunction in favor or Lujan as to his right, entitlement, and enjoyment to a 1991 twenty (20) foot easement (hereinafter "1991 Easement") over Lot R4 for the benefit of Lot 4, Lujan's

property. *Decision and Order*, dated January 14, 2011, as described by Declaration of David J. Lujan (August 14, 2009) at Ex. 7. The Quinatas' claim Lujan trespassed outside his 1991 grant of easement.

In 1988, Priscilla A Quinata (owner of Lot 154-1NEW-2), Rosalina Q. Nauta (owner of Lot 154-1NEW-4), and Rosita Q. Aguigui (owner of Lot 154-1NEW-R4) granted an easement of ingress and egress in favor of Alfred R. and Lynn M. Saussotte, owners of Lot 154-1NEW-1 (hereinafter the "1988 Saussotte Easement"), recorded at the Department of Land Management as Instrument Number #395552. Counterclaim Def.'s Trial Ex. "I". Attached to the 1988 Saussotte Easement is an Exhibit "A" made a part of the entire recorded document which describes with certainty the location of the intended easement granted by the three Quinata sisters. Exhibit "A" includes a surveyor's notation which locates a "40 FT SET BACK AS PER MASTER PLAN" with arrows designating the existence and location of the setback. The forty (40) foot government setback does not include the area designated as the easement. According to Exhibit "A" the easement starts at the edge of the forty (40) ft. government setback, southward twenty (20) feet, stretching across the three Lots 154-1NEW-2, 154-1NEW-4 and 154-1NEW-R4 (the servient tenements) for the benefit of Lot 154-1NEW-1 (the dominant tenement). It is an easement which is appurtenant to the land,[2] therefore, Lujan is privileged to use it as the subsequent owner of Lot-4, which he purchased in 1999. Lujan claims he is entitled to a forty (40) foot right of way over Lot R4 combining the 1988 and 1991 easements. The Quinatas' contend is he only entitled to the 1991 twenty (20) foot easement abutting the Merizo-Umatac road.

At hearing it was made perfectly clear to the Court that the location of both easements is still in dispute. [Counterclaim Def.'s Trial Exs. "B". "K" and "I"]. Numerous witnesses, including the parties themselves, have testified as to their understanding of the location of the two easements. The exact location of the easements, whether they overlap or conjoin is a material issue of fact not resolve by the evidence. It would be improper for the Court to remove the case from the jury at this stage. Directed verdict is denied.

---

[2] An easement creates an interest in the land which gives a privilege to a particular person or owner of property to enjoy a right over the property of another. *Elliott v. McCombs* 17 Cal2d 23 (1941). *Lizama v. Public Works* 2005 Guam 12. An easement that grants a right of way is appurtenant to land, burdens the servient tenement, attaches to the dominant tenement, and runs with the land. 21 GCA §7101 et seq. An easement is appurtenant when "is attached to the *land* of the owner which is the dominant tenement, and burdens the land of another, the servient tenement." *Cushman v. Davis* 145 Cal.Rptr. 791 (Ct.App.1978) (*emphasis added*). Because an easement appurtenant runs with the land, subsequent owners of the lands equally enjoy or are burdened by the easement. Every easement is presumed to be appurtenant unless otherwise by clear evidence. *Id.*

Lujan further argues that he had consent from the Administrator, and therefore, the claim of trespass fails as a matter of law. The Quinatas testified to knowledge of the consent given by the Administrator of the Estate to Lujan to remove trees, and to enter R4 for purposes of beginning his clearing and grading. Cory testified that he attended an August 2007 meeting at which time he was informed by the Administrator that approval was given to Lujan to enter R4. Debbie testified that she was made aware of the Administrator's decision by her husband. This knowledge preceded the Quinatas' obtaining any interest in the Estate from Carmelita. There was further testimony of Lujan, and Mr. Chaco regarding approval by the Administrator to clear trees on Lot R4 in the area of the easement. This evidence is indirect, and relies on inferences from the testimonies of above noted trial witnesses. While evidence can be based on circumstantial or indirect evidence it would not be proper to rely on the state of such evidence when more competent evidence is within the power of a party to produce. Viewing the evidence in a light favorable to the Quinatas, it would be reasonable to require Lujan to procure the Administrator's direct testimony granting Lujan consent and privilege to go onto Lot R4.

2.      NUISANCE

The ancient maxim, *"sic utere tuo ut alienum non lædes,"* is the foundation of the well-established rule that no one may make an unreasonable use of his own premises to the material injury of his neighbor's property. While every person has exclusive dominion over his land and may subject it to such uses as will subserve his wishes and private interests, he is bound to have respect and regard for his neighbors' rights. The law relating to private nuisances is one of degree. A use that would be reasonable under one set of facts might be unreasonable under another. Location, priority of occupation, and the fact that the injury is only occasional, though matters to be considered, are not conclusive but are to be considered in connection with all the circumstances of the particular case; and whether the use is unreasonably or not is an inference to be drawn from all the facts. It is unquestionably the law that an easement must be used in such a manner as to impose as slight a burden and damage upon the servient tenement as practicable. It is but the application of the familiar maxim, '*Sic utere tuo ut alienum non laedas.*' *Jacob v. Day* 111 Cal. 571 (1896). REST. 2d Tort §821D Private Nuisance.

The Quinatas' claim injuries from dust, speeding, loss of livelihood and farming[3], loss of familial relationships and long time friendships, mental anguish and depression[4], and aggravation of pre-existing condition. Debbie Quinata testified to anguish related to her fear for the safety of her grandchildren and family caused by danger created by the heavy equipment. Cory Quinata testified to physical injuries from dust which aggravated his psoriasis. Whether any of these injuries are reasonable or unreasonable is a clearly jury determination.

## CONCLUSION

For the foregoing reasons, Lujan's Motion for Directed Verdict is DENIED. Jury Trial continues in this matter on August 15, 2012 (Wednesday) at 1:00 p.m.

**IT IS SO ORDERED** _____AUG 13 2012_____.

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Senior Judge Pro Tempore, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

AUG 1 3 2012

Deputy Clerk, Superior Court of Guam

---

[3] Damages related to tree removal and vegetation destruction of dependent on Lujan's defense of consent.
[4] The Court finds that injury related to stress of litigation is non-compensable.

Page 5 of 5